IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JIMMY ALFONZO THOMAS, #A0235207 | ) ) ) | CIVIL NO. 08-00587 JMS-LEK |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915a(b)(1) WITH LEAVE TO AMEND |
| vs. | ) ) ) | |
| O.C.C.C. DENTAL UNIT, O.C.C.C. MEDICAL UNIT, DEPARTMENT OF PUBLIC SAFETY, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915a(b)(1) WITH LEAVE TO AMEND

On December 30, 2008, pro se Plaintiff Jimmy Alfonzo Thomas, a prisoner incarcerated at Halawa Correctional Facility, filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants failed to provide him with timely and appropriate dental care, in violation of the Eighth Amendment.  The court DISMISSES the Complaint with leave to amend, for failure to state a claim.  *See* 28 U.S.C. § 1915A(b)(1).

## I.  STATUTORY SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if a plaintiff raises claims that are legally frivolous or malicious,

that fail to state a claim upon which relief may be granted, or that seek monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-

2).  If the court determines that a pleading could be cured by the allegation of

other facts, a pro se litigant is entitled to an opportunity to amend a complaint

before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th

Cir. 2000) (*en banc*).

The court should not, however, advise the litigant how to cure the

defects.  This type of advice "would undermine district judges' role as impartial

decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203

F.3d at 1131 n.13 (declining to decide whether the court was required to inform

the litigant of deficiencies).  Plaintiff's Complaint is dismissed for failure to state a

claim, with leave to amend because the Complaint may be saved by amendment.

In the Complaint's caption, Plaintiff names "O.C.C.C.[1] Dental Unit,"

"O.C.C.C. Medical Unit," and the "Department of Public Safety."  In the

Complaint's body, however, Plaintiff omits the Department of Public Safety and

---

[1]  "O.C.C.C." refers to the Oahu Community Correctional Center, where Plaintiff was apparently incarcerated when his claims arose.

2

names only the "Dental Unit," the "Medical Unit," and "O.C.C.C."  Compl. at 2.

In his claims, Plaintiff broadly refers only to the "Medical Unit" and its alleged

failure to properly treat Plaintiff's toothache.  Compl. at 4-6.  Plaintiff fails to

name any specific individual who is responsible for any alleged failure to provide

Plaintiff medical or dental care.

> Section 1983 provides:
>
> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to
> the deprivation of any rights privileges, or immunities secured
> by the Constitution . . . shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress.

In other words, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

elements: (1) that a right secured by the Constitution or laws of the United States

was violated, and (2) that the violation was committed by a *person* acting under

the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

A governmental agency that is an arm of the state, such as a state's

department of corrections, is not considered a person under § 1983.  *See Howlett v.*

*Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir.

2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

Moreover, the Eleventh Amendment confers immunity on state agencies from

private damage actions or suits for injunctive relief brought in federal court. *Brown v. Cal. Dep't of Corr.*, --- F.3d ---, 2009 WL 140520, at *4 (9th Cir. Jan. 22, 2009) (holding that the California Department of Corrections and California Board of Prison terms are entitled to Eleventh Amendment immunity).  Thus, the Hawaii Department of Public Safety is not amenable to suit under § 1983.

Although the Ninth Circuit has not yet explicitly held, numerous courts have similarly concluded that a prison or correctional facility is not a "person" within the meaning of § 1983.  *See, e.g., Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Marsden v. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (D.C. Pa. 1976); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Courts have taken this analysis further and found that a prison's medical department is not a "person" within the meaning of § 1983.  *See, e.g., Fischer*, 474 F.2d at 992; *Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006); *Mayo v. Briody*, 2006 WL 822005, at *6 (M.D. Fla. Mar. 27, 2006); *Newby v. Fasting*, 2002 WL 31962277, at *2 (E.D. Va. Mar. 27,

4

2002).  This court is persuaded by this reasoning and finds that O.C.C.C.'s medical

and dental departments are not "persons" under § 1983, and Plaintiff's claims

against these defendants are frivolous and fail to state a claim as a matter of law.

*See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

## II.  <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is dismissed for failure to state a claim on which

relief may be granted.  By February 27, 2009, Plaintiff may submit an amended

complaint to cure the deficiencies noted above.  The Clerk of Court will mail

Plaintiff a court-approved form to use for filing an amended complaint.  If Plaintiff

fails to use the court-approved form, the court may strike the amended complaint

and dismiss this action without further notice.

In any amended complaint, Plaintiff must write *short, plain*

*statements* explaining: (1) the constitutional right Plaintiff believes was violated;

(2) the name of each individual defendant who violated that right; (3) exactly what

that defendant did or failed to do; (4) how the action or inaction of that defendant

is connected to the violation of Plaintiff's constitutional right; and (5) what

specific injury Plaintiff suffered because of that defendant's conduct.  *Rizzo v.*

*Goode*, 423 U.S. 362, 371-72 (1976).  Plaintiff must repeat this process for each

person he names as a defendant.  If Plaintiff fails to affirmatively link the conduct

5

of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

Any amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III. 28 U.S.C. § 1915(g)

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal will count as a "strike" under the "3-strikes" provision

of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a

civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> "if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

## IV.  CONCLUSION

1.  The Complaint is DISMISSED for failure to state a claim,

pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff has until February 27, 2009 to file

an amended complaint in compliance with this Order.

2.  If Plaintiff fails to file an amended complaint by February 27,

2009, this action will be AUTOMATICALLY DISMISSED, without further

notice.  If Plaintiff fails to timely comply with this Order, the Clerk of Court is

DIRECTED to enter judgment of dismissal of this action with prejudice, clearly

stating that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

///

///

///

7

3.  The Clerk of Court is DIRECTED to forward a copy of the court's approved prisoner civil rights complaint and instructions to Plaintiff so that he may comply with this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 23, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Thomas v. O.C.C.C. Dental Unit, et al.*, Civ. No. 08-00587 JMS/LEK; Order Dismissing Complaint Pursuant to 28 U.S.C. § 1915a(b)(1) With Leave to Amend; prose attorneys\Screening Orders\dmp\2009\Thomas 08-00587 JMS (imp defs)